VERMONT SUPERIOR COURT
Environmental Division                                                    Docket No. 23-ENV-00038
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org



| R. Girouz Repair, LLC CU Approval |
|---|

## ENTRY REGARDING MOTION

Motion:         Motion to Stay

Filer:          Daniel S. Triggs, attorney for Appellant Randy Livingston

Filed Date:     June 14, 2024

No response filed.

**The motion is DENIED.**

This is an appeal by Randy Livingston (Appellant) of a decision of the Town of Swanton Development Review Board (DRB) approving a conditional use permit application submitted by R. Giroux Repair, LLC (Applicant) to operate a motor vehicle repair shop at property having an address of 44 County Road, Swanton, Vermont (the Property).  Presently before the Court is Appellant's motion to stay Applicant's operation of the motor vehicle repair shop at the Property until it complies with relevant land use regulations and the DRB's decision.

The Court has identified four main factors to consider when ruling upon a motion for a stay, also known as a motion for a preliminary injunction.  These factors include: (1) the threat of irreparable harm; (2) potential harm to the non-moving party; (3) the likelihood of success on the merits; and (4) the public interest.  Taylor v. Town of Cabot, 2017 VT 92, ¶ 19, 205 Vt. 586.  "The movant bears the burden of establishing that the relevant factors call for imposition of a preliminary injunction."  Id. (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).  An injunction "is generally regarded as an extraordinary remedy and [should] not be granted routinely unless the right to relief is clear."  Comm. To Save the Bishop's House v. Med. Ctr. Hosp. of Vermont, Inc., 136 Vt. 213, 218 (1978) (citation omitted).

Appellant's motion fails to address any of these relevant factors.  Thus, Appellant has failed to meet his burden of establishing that he is entitled to the requested injunction and the motion is **DENIED**.

On or before **Friday, September 6, 2024,** the parties shall file their dates of UNAVAILABILITY in September and October for a one-day merits hearing in this matter to be conducted remotely via the WebEx platform.[1]

Electronically signed this 26th day of August 2024 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

[1] The Court held a status conference on this date, August 26, 2024. Attorney Daniel S. Triggs, Attorney for Randy Livingston, filed a motion on July 18, 2024 to continue the August 26 status conference. The Court did not rule on the motion. Neither Attorney Triggs nor his client Randy Livingston appeared at the conference. Christoper Micciche, Esq., who represents R. Giroux Repairs, LLC, also did not appear at the conference.